IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19-CR-348 (GLS) |
| | ) | |
| **v.** | ) | **Superseding Indictment** |
| | ) | |
| **YUDIEL CEBALLOS, JORGE LOUIS** | ) | Violations:   18 U.S.C. § 1029(b)(2) |
| **CONILL, LODMAR ELIAS CRESPO,** | ) | [Access Device Fraud |
| **YANIO MONTES DE OCA, JOAN** | ) | Conspiracy] |
| **JESUS MANSO DIEGUEZ, ARLEY** | ) | |
| **GONZALEZ, JEMNIS HERNANDEZ** | ) | 18 U.S.C. § 1956(h) |
| **GONZALEZ, YANDY LUIS** | ) | [Money Laundering Conspiracy] |
| **HERNANDEZ GONZALEZ, HUGO** | ) | |
| **HERNANDEZ, MARLON PALACIOS,** | ) | 18 U.S.C. § 1028A |
| **and YUNY HURTADO RODRIGUEZ,** | ) | [Aggravated Identity Theft] |
| | ) | |
| | ) | |
| | ) | Seven Counts and Forfeiture Allegations |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | Counties of       Albany, Broome, |
| | ) | Offense:         Montgomery |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 2 3 2020
AT_____O'CLOCK_____
John M. Domurad, Clerk - Albany

### THE GRAND JURY CHARGES:

At all times relevant to the indictment:

### BACKGROUND

1.      Defendants YUDIEL CEBALLOS, JORGE LOUIS CONILL, LODMAR ELIAS CRESPO (hereinafter "LODMAR CRESPO"), YANIO MONTES DE OCA, JOAN JESUS MANSO DIEGUEZ (hereinafter "JOAN MANSO DIEGUEZ"), ARLEY GONZALEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY LUIS HERNANDEZ GONZALEZ (hereinafter "YANDY HERNANDEZ GONZALEZ"), HUGO HERNANDEZ, MARLON PALACIOS, and YUNY HURTADO were residents of Florida.

2.      "Skimming devices," or "skimmers," were electronic devices constructed in Florida, and elsewhere, and installed inside gas pumps in the Northern District of New York, and elsewhere, in order to capture, surreptitiously, the credit and debit card information (to include account numbers and pin numbers, as applicable) of unsuspecting gas station customers opting to pay at the pump for gasoline purchases.

3.      Skimmers were capable of copying and storing, and did copy and store, account information and other data encoded on credit and debit cards used by gas station customers to purchase gas at the pump (such card data is recorded and transmitted during the payment authorization function that occurs during a pay-at-the-pump gasoline purchase).

4.      The account information copied by the skimmers was stored on the skimmers until it was harvested by those who returned to the pumps and downloaded the data using Bluetooth technology and/or other wireless networks.

5.      The harvested account information was then shared by way of various internet and cellular networks, to include e-mail, with other individuals located in Florida, and elsewhere.

6.      The individuals who received the harvested account information created fraudulent debit and credit cards by encoding the magnetic strips of blank cards with the stolen account information, and by printing on and embossing some of the cards with false account names and numbers in an effort to make the cards appear legitimate.

7.      The fraudulent debit and credit cards created using the account information stolen by the skimmers were often transported back to the Northern District of New York and elsewhere via U.S. Mail, FedEx, and by courier, and were used to: (a) withdraw cash from ATM machines; (b) purchase money orders; and (c) purchase gift cards from various retail stores such as Wal-Mart

2

and Home Depot. The cash, money orders, and gift cards (or data necessary to use the gift cards) were often mailed or carried back to Florida.

8.      Through a series of subsequent transactions involving the money orders and gift cards, they were converted into cash or wires of money, enriching the defendants.

## COUNT 1
### [Conspiracy to Commit Access Device Fraud]

9.      Paragraphs 1 through 8 are repeated and realleged as if set forth fully herein.

<u>THE CONSPIRACY</u>

10.     Beginning in or around April of 2016 and continuing through on or about December of 2018, in Albany, Broome, and Montgomery Counties in the Northern District of New York, and elsewhere, the defendants, YUDIEL CEBALLOS, JORGE LOUIS CONILL, LODMAR CRESPO, JOAN MANSO DIEGUEZ, ARLEY GONZALEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, HUGO HERNANDEZ, MARLON PALACIOS, and YUNY HURTADO RODRIGUEZ, and others, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other, and with others, to commit access device fraud against the United States, in violation of:

> a.   Title 18, United States Code, Section 1029(a)(1), by knowingly and with the intent to defraud, using, producing, or trafficking in one or more counterfeit access devices, and impacting interstate commerce; and
>
> b.   Title 18, United States Code, Section 1029(a)(3), by knowingly and with the intent to defraud, possessing fifteen or more devices which are counterfeit or unauthorized access devices, and impacting interstate commerce.

## OBJECT OF THE CONSPIRACY

11.    It was the object of the conspiracy that the defendants, YUDIEL CEBALLOS, JORGE LOUIS CONILL, LODMAR CRESPO, JOAN MANSO DIEGUEZ, ARLEY GONZALEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, HUGO HERNANDEZ, MARLON PALACIOS, and YUNY HURTADO RODRIGUEZ, and others, enriched themselves by devising a scheme to steal the bank account information of unsuspecting gas station customers and use it to obtain money orders, gift cards, cash, and other things of value.

## MANNER AND MEANS

12.    Using the internet, the defendant HUGO HERNANDEZ, and others, purchased materials to create skimmers.

13.    Using the parts purchased by the defendant HUGO HERNANDEZ, and others, the defendants YANDY HERNANDEZ GONZALEZ and LODMAR CRESPO, and others, created skimmers to be installed in gas pumps in the Northern District of New York, and elsewhere.

14.    The defendants HUGO HERNANDEZ, YANDY HERNANDEZ GONZALEZ and LODMAR CRESPO, and others, traveled or recruited members of the conspiracy to travel to the Northern District of New York, and elsewhere, to install skimming devices in gas pumps located in gas stations in Albany, Broome, and Montgomery Counties in the Northern District of New York, and elsewhere.

15.    Members of the conspiracy, including the defendant YANDY HERNANDEZ GONZALEZ, returned to the gas stations where they or co-conspirators previously had installed skimmers to harvest, using Bluetooth technology and/or other wireless networks, the credit and

debit card information of unsuspecting third party gas station customers that had been captured by and was stored on the skimmers.

16.     Members of the conspiracy who installed skimmers and harvested data from them used vehicles to shield themselves and the gas pumps from the view of the public and/or gas station employees working inside the gas stations buildings. Co-conspirators also entered the retail stores located on the premises of targeted gas stations and purchased goods or otherwise distracted gas station employees during the installation or harvesting of data from the skimmers.

17.     After harvesting data from the skimmers, members of the conspiracy uploaded the harvested, stolen debit and credit card data obtained using the skimmers onto computers and electronic storage media (e.g. cellular phones, tablets, portable storage media).

18.     The defendant YANDY HERNANDEZ GONZALEZ, and others, transmitted the stolen credit and debit card information of unsuspecting third party gas station customers obtained via the skimmers to the defendant LODMAR CRESPO, and others, located in Florida, and elsewhere.

19.     The defendants LODMAR CRESPO and YANDY HERNANDEZ GONZALEZ, and others, purchased software and materials necessary for creating skimmers and fraudulent debit and credit cards.

20.     The defendant LODMAR CRESPO, and others, created fraudulent debit and credit cards encoded with the stolen card data of unsuspecting third party gas station customers.

21.     Members of the conspiracy sent the fraudulent cards created by the defendant LODMAR CRESPO, and others, to members of the conspiracy, including defendants ARLEY GONZALEZ and MARLON PALACIOS, who traveled to the Northern District of New York, and elsewhere, to facilitate activities of the conspiracy.

22.     Members of the conspiracy sent or otherwise transmitted the money orders and cash they obtained using the fraudulent cards encoded with stolen card data to other co-conspirators, including the defendant HUGO HERNANDEZ.

23.     Members of the conspiracy, including the defendant JEMNIS HERNANDEZ GONZALEZ, and others, used the fraudulent debit and/or credit cards to obtain cash, merchandise, goods, services, and other things of value.

24.     Members of the conspiracy, including the defendant YANDY HERNANDEZ GONZALEZ, and others, used gift cards obtained using stolen card data to make online purchases of goods and merchandise.

25.     Members of the conspiracy, including the defendants YANDY HERNANDEZ GONZALEZ, JEMNIS HERNANDEZ GONZALEZ, LODMAR CRESPO, JOAN MANSO DIEGUEZ, and others, laundered proceeds obtained through the access device fraud conspiracy by knowingly and intentionally selling gift cards purchased using stolen credit and/or debit card information on gift card exchanges, in furtherance of the conspiracy alleged in Count Two of this indictment.

## OVERT ACTS

26.     In furtherance of the conspiracy, and to effect its objects, the defendants YUDIEL CEBALLOS, JORGE LOUIS CONILL, LODMAR CRESPO, JOAN MANSO DIEGUEZ, ARLEY GONZALEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, HUGO HERNANDEZ, MARLON PALACIOS, and YUNY HURTADO

6

RODRIGUEZ, and others, committed overt acts within the Northern District of New York, and elsewhere, including but not limited to the following:

    a.  On or about April 4, 2016, the defendant HUGO HERNANDEZ incorporated in Florida a company called HH Investments USA Inc., located at 615 W. 68th St., Suite 105, Hialeah, Florida 33014.

    b.  Between on or about April 19, 2016, through May 8, 2016, the defendant YANDY HERNANDEZ GONZALEZ purchased items from websites that offer for sale equipment needed to create fraudulent debit and credit cards, including devices capable of reading, writing, and encoding data on credit and debit cards, as follows:

        i.  4/19/2016: ZCS160 USB 4-IN-1Credit Card Reader&Writer EMV IC Chip/Magnetic/RFID/P SAM Card;

        ii.  4/30/2016: MiniDX3 Portable Mini Magnetic Credit Card Reader Data Collector Magstripe Strip; and

        iii.  5/8/2016: MiniDX3 Portable Mini Magnetic Credit Card Reader Data Collector Magstripe Strip.

    c.  Between on or about September 18, 2016 and October 8, 2016, the defendant LODMAR CRESPO purchased items from websites that offer for sale equipment needed to create fraudulent debit and credit cards, including blank, encodable credit/debit cards and supplies and software for printing on blank debit/credit cards, as well as a card reader/writer/encoder, as follows:

        i.  9/18/2016: Fargo HDP5000 Supplies: Color ribbon, Transfer film, PVC cards, software;

7

    ii.  9/18/2016: 500 UltraCard PVC Cards - HiCo MagStripe 2 Track - CR80 .30 Mil - New Sealed; and

    iii.  10/8/2016: 2 in1 USB 3 Track Magnetic Strip RFID IC Card Reader Writer Encoder Scanner US.

d.  Between on or about July 25, 2017 and on or about November 30, 2017, the defendant HUGO HERNANDEZ, on behalf of his company HH Investments USA, Inc., purchased items using the internet from a company that supplies parts needed to create gas station skimming devices, including 140 seven-pin connectors and other items identical to the types found in each skimming device found inside gas pumps in the Northern District of New York.

e.  Between on or about July 31, 2016, and November 11, 2017, the defendant YANDY HERNANDEZ GONZALEZ, using a Gmail account registered to him, sent or received (or caused the sending or receipt) of emails attaching or containing stolen account data for 3,999 cards to or from co-conspirators, including the defendants LODMAR CRESPO, YUDIEL CEBALLOS, and MARLON PALACIOS (using email accounts each controlled). Of those emails, the defendant LODMAR CRESPO sent or caused the sending of data for at least 378 cards and received or caused the receipt of data for at least 359 cards, and defendant MARLON PALACIOS sent or caused the sending of data for at least 884 cards and received or caused the receipt of data for at least 145 cards.

f.  Between in or around May of 2017 through in or around December of 2019, the defendant MARLON PALACIOS possessed, in a cloud account he controlled, data from at least 2409 stolen credit/debit cards. Of this data, data associated with one

8

stolen card was located on a skimming device that law enforcement members recovered from a gas station in Fonda, New York. Additionally, other co-conspirators possessed, or sold gift cards encoded with, some of the data possessed by PALACIOS, as follows:

    i. Defendant YANDY HERNANDEZ GONZALEZ possessed, in files attached to emails he sent or received using an email account he controlled, data from 1092 stolen credit/debit cards;

    ii. Defendant JORGE LOUIS CONILL possessed, in files on a thumb drive, three stolen credit/debit cards;

    iii. Defendant JOAN MANSO DIEGUEZ possessed, in files he saved to a cloud account he controlled, two stolen credit/debit cards; and

    iv. Defendant LODMAR CRESPO possessed, stored on thumb drives, two stolen credit/debit cards.

g. Between on or about August of 2016 through October of 2016, defendant YANDY HERNANDEZ GONZALEZ booked 15 travel reservations so that defendant MARLON PALACIOS could travel to locations in Arkansas, California, Kansas, Oklahoma, and Tennessee.

h. On or about August 7, 2016 through August 8, 2016; September 3, 2016 through September 6, 2016; September 28, 2016 through September 30, 2016; October 12, 2016 through October 14, 2016; September 1, 2017 through September 7, 2017; and October 18, 2017 through October 23, 2017, defendant MARLON PALACIOS traveled to Arkansas, California, Kansas, Oklahoma, and Tennessee, at the

direction of defendant YANDY HERNANDEZ GONZALEZ, in order to conduct activities in service of the conspiracy alleged in this indictment.

i.  Between in or around November of 2016 through June of 2017, the defendant YANDY HERNANDEZ GONZALEZ booked at least 8 travel reservations so that co-conspirator A could travel to locations in Arizona and Washington in order to conduct activities in service of the conspiracy alleged in this indictment.

j.  In or around August of 2017, the defendant YANDY HERNANDEZ GONZALEZ booked at least 5 travel reservations so that the defendant ARLEY GONZALEZ could travel to locations in New York, including Albany, New York, in order to conduct activities in service of the conspiracy alleged in this indictment.

k.  On or about August 20, 2017, the defendants ARLEY GONZALEZ and YANDY HERNANDEZ GONZALEZ traveled to the Northern District of New York in order to harvest data from skimmers.

l.  On or about August 20, 2017, the defendant YANDY HERNANDEZ GONZALEZ, using an email address he controlled, after a log-in to an IP address for a subscriber (a hotel) located in the Northern District of New York, sent or caused the sending of a file named "Albany Pin.txt" and containing stolen data from 21 credit and/or debit cards to the defendant MARLON PALACIOS.

m.  In or around October 2017, co-conspirators A and B travelled to the Northern District of New York, where they:

    i.  received fraudulent debit and/or cards created by the defendant LODMAR CRESPO, and others, encoded with stolen card data and embossed with the name of co-conspirator A,

      ii.  purchased money orders and withdrew cash using the fraudulent debit cards, and

      iii.  prepared packages containing money orders and cash to be sent by U.S. Mail to co-conspirators located in Florida.

n.  In or around October 2017, the defendants JOAN MANSO DIEGUEZ and YANDY HERNANDEZ GONZALEZ recruited co-conspirator C to join the conspiracy and directed him/her to travel to the Northern District of New York to:

      i.  carry fraudulent debit cards encoded with stolen data and embossed with co-conspirator C's name to the Northern District of New York,

      ii.  purchase money orders using the fraudulent debit cards,

      iii.  withdraw cash using the fraudulent debit cards, and

      iv.  transmit, by U.S. Mail, money orders and cash to co-conspirator D, located in Florida, and carry cash and money orders back to Florida upon co-conspirator C's return.

o.  On or around October 18, 2017, co-conspirator D accepted a package via U.S. Postal Mail addressed to him/her and containing approximately $17,000 in postal money orders and cash that had been purchased or withdrawn by co-conspirator C using fraudulent cards encoded with stolen card data and embossed with co-conspirator C's name.

p.  On or about October 19, 2017, the defendant JEMNIS HERNANDEZ GONZALEZ withdrew $200 in cash from an ATM machine located in Hialeah, Florida, using a card encoded with stolen card data of a resident of the Northern District of New York, D.G., who had patronized a gas station—where he/she paid at the pump—

11

located in Amsterdam, New York, where skimming devices were found and removed by law enforcement officers.

q.  On or about October 27, 2017, co-conspirators E and F traveled to the Northern District of New York, where they:

    i.  harvested data from skimmers,

    ii.  purchased money orders using fraudulent debit cards and encoded with stolen data, and

    iii.  transmitted money orders back to co-conspirators, including the defendant HUGO HERNANDEZ, located in Florida.

r.  On or about December 18, 2017, the defendants YUDIEL CEBALLOS and YUNY HURTADO RODRIGUEZ traveled to the Northern District of New York, where they installed skimmers in gas pumps and harvested data from skimmers. In addition, CEBALLOS and HURTADO RODRIGUEZ attempted to harvest data from a gas station in Fonda, New York, and possessed two skimmers and fraudulent cards encoded with stolen card data, as well as electronics that had been connected through the filesharing program TeamViewer to a computer that was at one or more times also connected to a computer possessed by the defendant JORGE LOUIS CONILL.

s.  On or about March 13, 2018, the defendants LODMAR CRESPO and JEMNIS HERNANDEZ GONZALEZ possessed the following items:

    i.  169 blank (unprinted) credit or debit cards that were encoded with stolen card data;

ii.   1 fake debit card encoded with stolen card data and embossed with the name of co-conspirator A,

iii.   43 fake debit and credit cards encoded with stolen card data and embossed with the name of co-conspirator C;

iv.   Materials needed to make skimming devices, including 23 circuit boards, shrink tubing, a bag of cable connectors, and a ribbon and cable set—all of the type found in all of the skimmers removed from gas pumps by law enforcement during the investigation into the alleged scheme—as well as a soldering iron, a bottle of liquid solder flux, one pack of glue sticks, a tube of soluble flux, one circuit tester, one set of blades, electrical solder, and a clamp set;

v.   Two skimmers equipped with SIM cards;

vi.   Two card reader/writer/encoders;

vii.   A smart card reader; and

viii.   Electronic devices that contained information for over 8,251 stolen credit/debit cards, diagrams of gas pumps designed and manufactured by the company Gilbarco (a type exploited in the scheme) that included schematics detailing the electronic components that facilitate the gas pump "pay at the pump" functionality, and instructions for enabling and disabling "visible mode" for "pickit3" Bluetooth technology software used to download information from skimmers installed in gas pumps in the Northern District of New York, and elsewhere.

t.  On or about March 13, 2018, the defendant JOAN MANSO DIEGUEZ possessed eleven fraudulent debit or credit cards encoded with stolen data and electronic devices that held files containing stolen information for 101 debit or credit cards.

u.  Between in or around December 2017 through February 2018, the defendant JOAN MANSO DIEGUEZ possessed, by saving at least seven files to a cloud account he controlled, data from at least 494 stolen credit/debit cards.

v.  On or about July 19, 2018, the defendant JORGE LOUIS CONILL possessed the following items:

i.  three thumb drives that, collectively, contained over 4,235 stolen debit and/or card numbers. Fourteen of those numbers were found in skimmers removed by law enforcement from gas pumps located in the Northern District of New York;

ii. a skimming device;

iii. a credit card reader/writer/encoder; and

iv. Electronic devices containing files with diagrams of gas pumps designed and manufactured by the company Gilbarco that included schematics detailing the electronic components that facilitate the gas pump "pay at the pump" functionality and instructions for enabling and disabling "visible mode" for "pickit3" Bluetooth technology software used to download information from skimmers installed in gas pumps in the Northern District of New York, and elsewhere.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 2
### [Conspiracy to Commit Money Laundering]

27.     Paragraphs 1 through 8 of this indictment are repeated and realleged as if set forth fully herein.

### THE CONSPIRACY

28.     From in or around December of 2015 through in or around July of 2019, in Albany, Broome, and Montgomery Counties in the Northern District of New York, and elsewhere, the defendants JOAN MANSO DIEGUEZ, YANIO MONTES DE OCA, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, HUGO HERNANDEZ, and others, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other, and with others, to commit money laundering, by violating of Title 18, United States Code, Section 1956(a)(1)(B)(i) by, knowing that the property involved in one or more financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(1) and (3), and a conspiracy to do so, in violation of Title 18 United States Code, Section 1029(b)(2), knowing that the transactions were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds.

### OBJECT

29.     It was the object of the conspiracy that the defendants JOAN MANSO DIEGUEZ, YANIO MONTES DE OCA, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, HUGO HERNANDEZ, and others, enriched themselves by devising a scheme to

15

launder proceeds derived from the access device fraud scheme alleged in Count One of this Indictment.

## MANNER AND MEANS

30.     Paragraph 26 of this indictment is repeated and realleged as if set forth fully herein.

31.     As alleged in Count One of this indictment, the defendants YUDIEL CEBALLOS, JORGE LOUIS CONILL, LODMAR CRESPO, JOAN MANSO DIEGUEZ, ARLEY GONZALEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, HUGO HERNANDEZ, MARLON PALACIOS, and YUNY HURTADO RODRIGUEZ, and others, conspired to commit and did commit access device fraud by creating gas station skimming device, installing those devices in gas stations in the Northern District of New York, and elsewhere, stealing credit and debit card information of unsuspecting gas station customers opting to pay at the pump for gasoline, and using the stolen debit and credit card information to make fake credit and debit cards that were then used to obtain in the Northern District of New York, and elsewhere, money orders, cash, gift cards, and other things of value.

32.     The money orders, cash, and gift cards obtained using fake credit and debit cards were transmitted or carried, or were caused to be transmitted or carried, to the person identified in Count One as co-conspirator D, the defendant HUGO HERNANDEZ, and others, in Florida.

33.     Co-conspirator G, and others, obtained the money orders purchased using stolen debit cards and provided them to the co-conspirators H and I, and others.

34.     The defendants JOAN MANSO DIEGUEZ, JEMNIS HERNANDEZ GONZALEZ, HUGO HERNANDEZ, YANIO MONTES DE OCA, and others, received, accepted, and deposited money orders purchased with stolen debit card information into bank

16

accounts they controlled and, in short order, then withdrew cash in substantially the same amounts from the bank accounts.

35.     The defendants LODMAR CRESPO, YANIO MONTES DE OCA, JOAN MANSO DIEGUEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, and others, enriched themselves by selling gift cards purchased with stolen credit card information on gift card exchanges and transferring the proceeds to bank accounts they controlled.

36.     The defendant YANDY HERNANDEZ GONZALEZ, and others, used gift cards obtained using fake credit cards encoded with stolen data to obtain goods and merchandise through online purchases.

## OVERT ACTS

37.     In furtherance of the conspiracy to commit money laundering, the defendants YANIO MONTES DE OCA, JOAN MANSO DIEGUEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, HUGO HERNANDEZ, and others, committed the following overt acts in the Northern District of New York, and elsewhere:

      a.  On or about December 4, 2015, the defendant YANIO MONTES DE OCA incorporated in Florida a company called Circle Ecommerce Corporation, located at 656 NE 125th Street, North Miami Beach, Florida 33161.

      b.  In or about December of 2015, the defendant YANIO MONTES DE OCA, on behalf of his company Circle Ecommerce Corporation, began selling gift cards purchased with fraudulent credit cards encoded with stolen data on a gift card exchange website.

17

c.  In or about March of 2016, the defendant YANIO MONTES DE OCA, on behalf of his company Circle Ecommerce Corporation, obtained a "bulk seller" account on a gift card exchange website.

d.  In or about August of 2016, the defendant YANIO MONTES DE OCA, obtained, on behalf of his company Circle Ecommerce Corporation, a "bulk seller" account and began selling gift cards purchased using fraudulent credit cards encoded with stolen card data on a second gift card exchange website.

e.  In or about September of 2016, the defendant JEMNIS HERNANDEZ GONZALEZ, on behalf of a company called Best Ecommerce Solution (which she later incorporated in Florida), obtained a "bulk seller" account and began selling gift cards purchased with fraudulent credit cards encoded with stolen card data on a gift card exchange website.

f.  On or about December 19, 2016, the defendant JEMNIS HERNANDEZ GONZALEZ incorporated in Florida a company called Best Ecommerce Solution Inc., located at 366 East 16th Street, Hialeah, Florida 33010.

g.  On or about February 20, 2017, the defendant JOAN MANSO DIEGUEZ incorporated in Florida a company called Express Ecommerce, located at 6355 SW 8th St., #800, Miami, Florida 33144.

h.  In or about March of 2017, the defendant JEMNIS HERNANDEZ GONZALEZ, on behalf of her company Best Ecommerce Solution Inc., obtained a "bulk seller" account and began selling gift cards purchased with fraudulent credit cards encoded with stolen card data on a second gift card exchange website.

i.   In or about August of 2017, the defendant JOAN MANSO DIEGUEZ, on behalf of his company Express Ecommerce, obtained a "bulk seller" account and began selling gift cards purchased with fraudulent credit cards encoded with stolen data on a gift card exchange website.

j.   In or around October 2017, the defendant YANDY HERNANDEZ GONZALEZ directed the person referred to in Count One as "co-conspirator C" to send, by U.S. Postal Mail, a package containing postal money orders and cash that were purchased and withdrawn using cards encoded with data stolen obtained with gas station skimming device to the person referred to in Count One as "co-conspirator D."

k.   On or around October 18, 2017, co-conspirator D accepted a package via U.S. Postal Mail addressed to him/her and containing approximately $17,000 in postal money orders and cash that had been purchased or withdrawn by co-conspirator C using fraudulent cards encoded with card data stolen using skimmers and embossed with his/her name.

l.   In or around October of 2017, the defendant HUGO HERNANDEZ arranged for the persons referred to in Count One as "co-conspirator E" and "co-conspirator F" to travel to the Northern District of New York, where they purchased money orders using stolen debit cards and also mailed a package containing money orders to HERNANDEZ in Florida.

m.   Between in or around April of 2016 through May of 2018, the defendant HUGO HERNANDEZ made 162 deposits into an HH Investments USA bank account he controlled, totaling $173,257.05, and 449 cash withdrawals, totaling $172,538.19.

19

n. Between on or about August of 2017 and July of 2019, the defendant JOAN
MANSO DIEGUEZ traded on online gift card exchange websites at least 10,465
gift cards with a total face value of $1,740,014.31.

o. Between on or about September of 2016 and July of 2019, the defendant JEMNIS
HERNANDEZ GONZALEZ traded on online gift card exchange websites at least
3,384 gift cards, with a total face value of $499,619.04.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS THREE THROUGH SIX
### [Aggravated Identity Theft]

38.     Paragraphs 1 through 26 are repeated and realleged as if fully set forth herein.

39.     On or about the date specified as to each count below, in Albany and Montgomery
Counties in the Northern District of New York, and elsewhere, the defendants JORGE LOUIS
CONILL, LODMAR CRESPO, YANDY HERNANDEZ GONZALEZ, and MARLON
PALACIOS as specified in each count below, during and in relation to a felony enumerated in
Title 18, United States Code, Section 1028A(c), that is, possessing fifteen or more devices which
are counterfeit or unauthorized access devices, in violation of Title 18, United States Code, Section
1029(a)(3), and conspiracy to commit access device fraud, in violation of Title 18, United States
Code, Section 1029(b)(2), knowingly transferred, possessed, and used, without lawful authority, a
means of identification of another person, that is, the names and sixteen digit credit card numbers
of the individuals whose information was possessed on the dates specified below, during and in
relation to the felony offenses of possessing fifteen or more devices which are counterfeit or
unauthorized access devices, and conspiracy to commit access device fraud, all in violation of Title
18, United States Code, Section 1028A(a)(1).

| Count | Defendants | Approximate Date(s) | Individual(s) |
|-------|-----------|---------------------|---------------|
| Three | JORGE LOUIS CONILL | July 19, 2018 | E.M. |
| Four | LODMAR CRESPO | March 13, 2018 | W.L. |
| Five | YANDY HERNANDEZ GONZALEZ | September 29, 2016 | D.D. |
| Six | MARLON PALACIOS | August 20, 2017 | D.M. |

**COUNT SEVEN**
**[Aggravated Identity Theft]**

40.     Paragraphs 1 through 26 are repeated and realleged as if fully set forth herein.

41.     On or about October 19, 2017, in Broome County in the Northern District of New York, and elsewhere, the defendant JEMNIS HERNANDEZ GONZALEZ, during and in relation to a felony enumerated in Title 18, United States Code, Section 1028A(c), that is, using, producing, or trafficking in one or more counterfeit access devices, in violation of Title 18, United States Code, Section 1029(a)(1), and conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name and sixteen digit debit card number and four digit pin number of the individual D.G., which information was encoded on a fake debit card used by JEMNIS HERNANDEZ GONZALEZ to withdraw $200 from an ATM machine in Hialeah, Florida, during and in relation to the felony offenses of using, producing, or trafficking in one or more counterfeit access devices and conspiracy to commit access device fraud, all in violation of Title 18, United States Code, Sections 1028A(a)(1).

21

## FORFEITURE ALLEGATIONS

**I.    FIRST FORFEITURE ALLEGATION**

42.    The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1029(c)(1)(C).

43.    Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), upon conviction of any offense in violation of Title 18, United States Code, Section 1029(b)(2), the defendants YUDIEL CEBALLOS, JORGE LOUIS CONILL, LODMAR CRESPO, JOAN MANSO DIEGUEZ, ARLEY GONZALEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, HUGO HERNANDEZ, MARLON PALACIOS, and YUNY HURTADO RODRIGUEZ shall forfeit to the United States of America any property constituting and derived from any proceeds obtained, directly and indirectly, as the result of such violation and any personal property used and intended to be used to commit the offense. The property to be forfeited includes, but is not limited to, a money judgment equal to the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment.

44.    If any of the property described above, as a result of any act or omission of any defendant:

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third party;

c.    Has been substantially diminished in value; or

d.    Has been commingled with other property which cannot be divided without difficulty

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section 2461(c).

## II.    SECOND FORFEITURE ALLEGATION

45.    The allegations contained in Count Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

46.    Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of any offense in violation of Title 18, United States Code, Section 1956(h), the defendants YANIO MONTES DE OCA, JOAN MANSO DIEGUEZ, JEMNIS HERNANDEZ GONZALEZ, YANDY HERNANDEZ GONZALEZ, and HUGO HERNANDEZ shall forfeit to the United States of America any property, real and personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, a money judgment equal to the amount involved in the offense charged in Count Two of the Indictment.

47.    If any of the property described above, as a result of any act or omission of any defendant:

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third party;

c.    Has been substantially diminished in value; or

d.    Has been commingled with other property which cannot be divided without difficulty

23

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section

2461(c).

Dated:        July 23, 2020

A TRUE BILL,   \*\*\*REDACTED\*\*\*

Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By:   _____

RICHARD BELLISS, Bar Roll No. 515295
EMILY C. POWERS, Bar Roll No. 5139205
Assistant United States Attorneys

24